Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1987 | **DATE** | 4/24/03 |
| **CASE TITLE** | Tyrone Calhoun (IDOC #N-23935) v. George DeTella, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter memorandum opinion and order. Pursuant to the mandate of the Court of Appeals, this case is reinstated on the court's docket. The court finds it erred in granting plaintiff leave to proceed in forma pauperis in this court and vacates that portion of its order dated May 28, 1998, granting plaintiff leave to proceed in forma pauperis. As this court's docket does not show that plaintiff has made any payments toward the district court filing fee, plaintiff is directed to pay the $150 filing fee in full by May 23, 2003. Failure to do so will result in dismissal. Although the docket shows plaintiff's address as Stateville Correctional Center, the clerk shall send an additional copy of this order to plaintiff at Pontiac Correctional Center where IDOC indicates he is presently confined. *Suzanne B. Conlon* |
| (11) | ■ | For further detail see memorandum opinion attached to the original minute order. |

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

TYRONE CALHOUN, )
)
    Plaintiff, )
) No. 98 C 1987
v. )
) Judge Suzanne B. Conlon
GEORGE DETELLA, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Tyrone Calhoun, a prisoner in the custody of the Illinois Department of Corrections, brought this suit under 42 U.S.C. § 1983 complaining of an intentionally humiliating strip search conducted at Stateville Correctional Center on May 10, 1996, only weeks after the Prison Litigation Reform Act (PLRA) "ushered in a new and far more restrictive era for prisoner litigation." *Walker v. O'Brien*, 216 F.3d 626, 628 (7th Cir. 2000). This suit has twice been derailed by the PLRA, and this may be the third time.

**History of Calhoun's Claim**

Calhoun initially raised the claim asserted in this action in *Calhoun v. DeTella*, No. 96 C 3564 (N.D. Ill.)("*Calhoun I*"), filed June 12, 1996, a month after the alleged incident took place. Calhoun consented to have a magistrate judge conduct the initial review required by the PLRA, 28 U.S.C. § 1915A, and after a brief hearing at Stateville, Magistrate Judge Guzman entered a short opinion on February 18, 1987, granting Calhoun leave to proceed in forma pauperis.[1] Magistrate Judge Guzman noted that because Calhoun's complaint alleged that the strip search caused him psychological injury with no accompanying physical injury, his claim appeared to be

---

[1] Such "Spears hearings," *see Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), permit a prisoner-plaintiff to explain the facts behind his complaint so that the judge can determine whether a constitutional claim exists, who the proper defendants are, and whether appointment of counsel is advisable. In this court, hearings were initially conducted by a magistrate judge who recommended to the district judge whether leave to proceed in forma pauperis should be granted Subsequently, *Spears* hearings were conditioned on the plaintiff's consent to the magistrate judge's deciding the motion and dismissing the case if appropriate. *See Hains v. Washington*, 131 F.3d 1248, 1249 (7th Cir. 1997).

barred by a provision of the PLRA providing that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Nevertheless, believing this provision might not survive an equal-protection challenge, Magistrate Guzman allowed the suit to proceed. *Calhoun I*, 1997 WL 75658 (Feb. 18, 1997).

The defendants filed a motion to dismiss, invoking another provision of the PLRA requiring prisoners to exhaust available administrative remedies before bringing suit under federal law. 42 U.S.C. § 1997e(a), which Calhoun clearly had not done. On June 9, 1997, this court granted defendants' motion and dismissed the suit without prejudice.

On March 31, 1998, Calhoun filed the present suit based on the same incident, but this time alleging that he had exhausted administrative remedies.[2] While this cured the defect leading to the dismissal of the prior suit, it appeared that the PLRA placed yet another obstacle in Calhoun's path. While Calhoun had been exhausting administrative remedies, the Court of Appeals resolved the question raised in Magistrate Judge Guzman's order, holding that the physical-injury requirement of 42 U.S.C. § 1997e(e) is constitutional and does not violate the Equal Protection Clause. *Zehner v. Trigg*, 133 F.3d 459, 463 (7th Cir. 1997).

When this court reviewed Calhoun's new complaint as required by 28 U.S.C. § 1915A, it appeared that the complaint, seeking compensatory and punitive damages for a purely emotional injury, fell squarely within § 1997e(e). The court granted Calhoun leave to proceed in forma pauperis, assessed an initial payment of the filing fee as required by 28 U.S.C. § 1915(b), and entered judgment dismissing this suit on May 29, 1998.

Calhoun moved for reconsideration, pointing out that § 1997e(e) did not bar injunctive or declaratory relief. The court denied the motion, acknowledging that although injunctive or

---

[2] Calhoun attached to the complaint copies of a July 25, 1997, grievance complaining of the May 10, 1996, strip search. He also provided the grievance officer's response dated July 31, 1997, bearing the concurrence of Stateville's warden, defendant George DeTella, dated September 29, 1997. Probably because the grievance was filed so long after the incident, the grievance officer misunderstood it as challenging Stateville's strip-search *procedures*, rather than a particular search. Calhoun did not attach a copy of the decision at the final step of the grievance procedure, his appeal to the Director of the Illinois Department of Corrections. See 20 Ill. Admin. Code § 504.850. It appears from Calhoun's letter dated March 6, 1998, that he may not have received a response. Nevertheless, the exhibits do not contradict Calhoun's allegation that he exhausted administrative remedies.

declaratory relief might be available in an appropriate case, allegations of a single incident nearly two years before the complaint was filed did not show "some cognizable danger of recurrent violation," as required for injunctive relief, *Wilk v. American Medical Ass'n*, 895 F.2d 352, 367 (7th Cir. 1990), nor even an existing controversy "of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 627 (7th Cir. 1995)(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

On July 6, 1998, Calhoun filed a notice of appeal and a motion for leave to proceed on appeal in forma pauperis. After initially denying Calhoun's motion because he had failed to submit a current trust fund account statement as required by 28 U.S.C. § 1915(a)(2), on December 1, 1988, the court denied leave to appeal in forma pauperis because, in addition to the dismissal in this case, Calhoun had accrued three "strikes" under 28 U.S.C. § 1915(g), i.e., three suits dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[3] The court listed as "strikes" *Calhoun v. Allen*, No. 95 C 6092, dismissed by this court as frivolous on November 28, 1995, pursuant to former 28 U.S.C. § 1915(d),[4] *Calhoun v. Allen*, No. 96 C 2864, dismissed by this court on October 18, 1996, pursuant to 28 U.S.C. § 1915A, and *Calhoun I*, this court's dismissal without prejudice of the claim asserted in this suit. Calhoun did not challenge his eligibility to appeal in forma pauperis by filing a motion with the Court of Appeals under Rule 24(a)(5), F.R.A.P., but paid the appellate filing fee.

Four and a half years later, on February 13, 2003, the Court of Appeals affirmed this court's judgment in part, reversed in part, and remanded for further proceedings. *Calhoun v.*

---

[3] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[4] Prior to the 1996 enactment of the PLRA, 28 U.S.C. § 1915(d) authorized federal courts to deny leave to proceed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

3

*DeTella*, 319 F.3d 936 (7th Cir. 2003). The Court of Appeals held that while strip searches are unpleasant and humiliating, they do not in themselves violate the Eighth Amendment. Nevertheless, "wanton infliction of psychological pain" does violate the Eighth Amendment, even in the absence of physical injury. *Id.* at 939. By alleging that the defendants "sexually harassed him through behavior unrelated to legitimate prison needs," and "in a manner designed to demean and humiliate Calhoun," Calhoun had stated an Eighth Amendment claim. *Id.* at 940.

Although noting that Calhoun's transfer to another institution mooted any claim for injunctive or declaratory relief, *id.* at 939, the Court of Appeals held that Calhoun could seek monetary damages. Although 42 U.S.C. § 1997e(e) prevents a prisoner-plaintiff from seeking compensatory damages for deliberate infliction of emotional suffering in the absence of physical injury, psychological torture in violation of the Eighth Amendment would permit recovery of nominal damages, and, in appropriate cases, punitive damages as well. *Id.* at 940-42.

**Calhoun's In Forma Pauperis Status**

This court accordingly reinstates this action in accordance with the mandate of the Court of Appeals. Having regained jurisdiction from the Court of Appeals, the court must face a question it lacked jurisdiction to decide while the appeal was pending: whether the court erred in granting Calhoun leave to proceed in forma pauperis at the commencement of this action. Calhoun was not permitted to proceed in forma pauperis on appeal because he had accrued three "strikes" under 28 U.S.C. § 1915(g), yet each of the dismissals cited by this court had been entered *before* this suit was filed.

In permitting Calhoun to proceed in forma pauperis in May of 1998, the court probably did not count the prior dismissal in *Calhoun v. Allen*, No. 95 C 6092, because it predated the effective date of the PLRA, overlooking the Seventh Circuit's January 7, 1998, opinion in *Lucien v. Jockisch*, 133 F.3d 464 (7th Cir. 1998), assuming that pre-PLRA dismissals qualified as "strikes"

under § 1915(g).[5/] When Calhoun sought to proceed in forma pauperis on appeal, the Seventh Circuit had issued its opinion in *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998), directing district courts to count pre-PLRA dismissals as strikes, and the court counted three.

Leave to proceed in forma pauperis may be revoked when it was granted in error, even though the plaintiff did not mislead the court. *See Moore v. Doan*, No. 98 C 2307, 1998 WL 887089 (N.D. Ill. 1998)(Lindberg, J.); *Turner-El v. Washington*, No. 96 C 6323, 1998 WL 566880 (N.D. Ill. 1998)(Moran, J.). When Calhoun was denied leave to proceed in forma pauperis on appeal, jurisdiction had passed to the Court of Appeals and this court could not revisit its order granting Calhoun leave to proceed in forma pauperis in the district court. Because the two orders are inconsistent, the court does so now.

## Counting *Calhoun I* As A Strike

Calhoun's ability to proceed in forma pauperis on remand is not entirely settled by the court's December 1, 1998 order. Subsequent caselaw raises the question whether *Calhoun I*, dismissed on defendants' motion without prejudice for failure to exhaust administrative remedies, was properly counted a strike. The Eleventh Circuit has held that dismissals for failure to exhaust administrative remedies count as strikes, *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), but the Second Circuit has stated that where the defect is remediable (as it apparently was here), a dismissal for failure to exhaust administrative remedies is not a strike. *Snider v. Melindez*, 199 F.3d 108, 110-12 (2d Cir. 1999).

The Seventh Circuit has not ruled whether a dismissal without prejudice for failure to exhaust administrative remedies counts as a strike. In an unpublished opinion, *Byrd v. Sitki*, 14 Fed.Appx. 701, 2001 WL 867874 (7th Cir. 2001), the Seventh Circuit affirmed the district court's dismissal

---

[5/] Although in *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996), the Seventh Circuit counted frivolous appeals filed before the effective date of the PLRA as "strikes," the court noted that the appellant had been given "ample chance" to dismiss these appeals after the effective date. The Seventh Circuit did not decide whether the underlying pre-PLRA district court dismissals were strikes, saying that a total of five frivolous appeals gave the appellant "at least five" strikes.

5

of a prisoner's suit for failure to exhaust administrative remedies, but modified the judgment to the extent it had held that the plaintiff had incurred a strike.

The plaintiff had argued that exhaustion was not required because he sought only monetary damages and such relief was unavailable through the grievance procedure. The Seventh Circuit rejected that argument, citing *Booth v. Churner*, 532 U.S. 731 (2001), but stated that the dismissal should not count as a strike because the Supreme Court had granted certiorari in *Booth* to decide whether exhaustion of administrative remedies was required in such cases. The court did not elaborate on its rationale (the unpublished order comprises three paragraphs), but it appears that the panel believed that when a case is dismissed on the basis of a legal rule that was unsettled at the time, the dismissal should not count as a strike although the district court's ruling ultimately proved correct.

*Calhoun I* stands on the same footing as *Byrd*, in that Calhoun sought damages for a single completed act. Even though Calhoun asked for other relief as well, dismissal of the entire suit would not have been justified if the claim for damages did not require exhaustion. At the time *Calhoun I* was dismissed, it was arguable whether a plaintiff who sought damages for a completed act was required to exhaust administrative remedies when they could not provide monetary compensation. A number of judges of this court took this position,[6] and it found support in dicta in *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 538 (7th Cir. 1999). *See also Massey v. Helman*, 196 F.3d 727, 734 (7th Cir. 2000).

Nevertheless, as an unpublished opinion *Byrd* is not precedential, and this court respectfully disagrees with its interpretation of § 1915(g). A dismissal for failure to state a claim should count as a strike, even though the complaint might have stated a claim under a plausible interpretation of the law consistent with existing precedents. Such a complaint is not "frivolous," *see Neitzke v.*

---

[6] *See, Wilson v. Howell*, No. 00 C 5205, 2001 WL 619507 (N.D.Ill. 2001)(Guzman, J.); *Williams v. Joliet Corrections Medical Unit*, No. 98 C 7559, 2000 WL 152134 (N.D.Ill. 2000)(Hibbler, J.); *Longoria v. Diaz*, No. 00 C 136, 2000 WL 1056349 (N.D.Ill. 2000)(Kennelly, J.); *Moss v. Mormon*, No. 99 C 3571, 2000 WL 283967 (N.D.Ill. 2000)(Andersen, J.); *Witt v. Andrew*, No. 99 C 2866, 2000 WL 1349246 (N.D.Ill. 2000)(Leinenweber, J.); *Stokes v. Rivera*, No. 99 C 5393, 2000 WL 816788 (N.D.Ill. 2000)(Zagel, J.); *Brazelton v. Myatt*, No. 99 C 1169, 1999 WL 966435 (N.D.Ill. 1999)(Grady, J.); *Rodriguez v. Oakley*, No. 98 C 4152, 1999 WL 618840 (N.D.Ill. 1999)(Plunkett, J.).

*Williams*, 490 U.S. 319, 328 (1989), but strikes under § 1915(g) are not limited to frivolous suits. By unambiguously requiring that suits dismissed for failure to state a claim be counted as strikes, Congress clearly intended to include suits that would not be regarded as frivolous.

The result may be harsh, but "[c]ourts may not ignore the valid dictates of Congress and may not read exceptions into unambiguous legislation." *McCoy v. Gilbert*, 270 F.3d 503, 513 (7th Cir. 2001). The Seventh Circuit has held that when it is apparent from the complaint that the plaintiff has not exhausted available administrative remedies, the suit is properly dismissed without prejudice for failure to state a claim. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). The dismissal of *Calhoun I* was properly counted as a strike.

**Calhoun's Frivolous Appeals**

Even if *Calhoun I* was not a strike, leaving only two strikes in this court, § 1915(g) counts frivolous appeals as well as frivolous suits. At the time this suit was filed, Calhoun had brought eleven appeals, three arising from habeas corpus petitions and eight appeals in civil cases.[7] Of the latter, six had been dismissed by the Seventh Circuit and the remaining two were dismissed subsequently.[8]

None of these dismissals resulted in an opinion designating the appeal as a strike under § 1915(g). Nevertheless, the Seventh Circuit has stated that whether the court entering a dismissal calls it a strike is merely a "housekeeping matter"; it is for the court granting or denying leave to proceed in forma pauperis to determine whether a dismissal counts as a strike under § 1915(g). *Gleash v. Yuswak*, 308 F.3d 758, 761-62 (7th Cir. 2002). This court will accordingly examine

---

[7] Though nominally civil rather than criminal proceedings, applications for habeas corpus relief are not "civil actions" for purposes of the PLRA. *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000).

[8] *See Calhoun v. Jockisch*, No. 94-1709 (leave to appeal in forma pauperis denied and district court summarily affirmed March 30, 1995); *Calhoun v. Kelly*, No. 95-1257(dismissed under Circuit Rule 3(b) for failure to pay docketing fee March 30, 1995); *Calhoun v. Huskisson*, No. 95-1765 (leave to appeal in forma pauperis denied and district court summarily affirmed August 23, 1995); *Calhoun v. Allen*, No. 95-4096, (dismissed under Circuit Rule 3(b) for failure to pay docketing fee October 1, 1998); *Calhoun v. Allen*, No. 96-1121, dismissed as unnecessary March 22, 1996; *Calhoun v. Allen*, No. 96-3755 (dismissed under Circuit Rule 3(b) for failure to pay docketing fee December 14, 1998); *Calhoun v. Allen*, 97-8024 (dismissed for lack of jurisdiction April 8, 1997), and *Calhoun v. DeTella*, 97-8086 (dismissed as unnecessary September 30, 1997).

Calhoun's dismissed appeals to determine whether any were dismissed on the ground that the appeal was frivolous.[9] This court will not second-guess the Court of Appeals' conclusion, but will give effect to the substance of the court's ruling.[10] Where the Court of Appeals treated an appeal as frivolous, i.e., having no basis in law, this court will treat it as a strike.

The court identifies at least two of Calhoun's appeals that should count as strikes. *Calhoun v. Jockisch*, No. 94-1709, appealed Judge McDade's March 1, 1994 order in *Calhoun v. Jockisch*, No. 94 CV 1013 (C.D. Ill.), denying reconsideration of Magistrate Judge Kauffman's order directing Calhoun to pay a partial filing fee on pain of dismissal. The Court of Appeals denied Calhoun leave to proceed in forma pauperis on appeal and summarily affirmed on March 30, 1995.[11] Summary affirmance indicates that the Court of Appeals viewed the appeal as frivolous, presenting no issues meriting discussion or briefing.

---

[9] Section 1915(g) refers to an appeal "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," awkwardly applying terms appropriate for district-court dismissals to the disposition of appeals. Appeals are usually *dismissed* for procedural reasons independent of the merits (with the major exception of appeals not brought in good faith); if the Court of Appeals reaches the merits and finds the appeal frivolous, it normally affirms the judgment of the district court, rather than dismiss the appeal.

Nevertheless, Congress's intention is clear: appeals rejected by Courts of Appeals should be counted as strikes in the same manner as suits rejected by district courts. Although this suggests that appeals rejected on the merits should be counted, by analogy to complaints that fails to state a claim, the Seventh Circuit counts only frivolous or malicious appeals. *See Gleash*, 308 F.3d at 762 (not awarding a strike for losing appeal because appeal had some legal basis). This court will do likewise.

[10] *Gleash* suggests that a court granting leave to proceed in forma pauperis may revisit the merits of the plaintiff's prior dismissals. In *Gleash*, the district court had dismissed plaintiff's complaint for failure to state a claim. The plaintiff did not appeal, but filed a second suit that was dismissed as duplicative, and this time he appealed. The Seventh Circuit held that although the first suit should not have been dismissed, the second suit was properly dismissed as res judicata. The Seventh Circuit stated that although the second dismissal resulted in a strike, the first did not, since plaintiff had stated a claim, and as the appeal was not frivolous the two dismissals and one appeal earned the plaintiff only one strike. *Gleash* 308 F.3d at 762.

It is troubling that the Seventh Circuit considered itself bound by the erroneous but unappealed first dismissal, yet did not consider itself bound by the consequence of that dismissal, a strike under § 1915(g). To require courts to reconsider the merits of a plaintiff's prior dismissals in order to decide a motion to proceed in forma pauperis would be so burdensome as to be unworkable. The court hopes the Seventh Circuit will clarify the matter.

[11] The Court of Appeals apparently treated Judge McDade's order as terminating the case because payment had not been received and the original deadline had passed at the time the appeal was filed. However, in denying another motion for reconsideration (which Calhoun did not include in his appeal) Judge McDade had extended the deadline. Judge McDade treated the appeal as interlocutory and gave Calhoun yet another chance to pay after the Court of Appeals ruled; when he failed to do so the suit was finally dismissed on May 11, 1995.

8

*Calhoun v. Huskisson*, No. 95-1765, was an appeal from summary judgment entered March 13, 1995, by Judge Mihm of the Central District of Illinois in *Calhoun v. Huskisson*, No. 93-CV-1530. On April 6, 1995, Judge Mihm denied Calhoun's motion for leave to appeal in forma pauperis and certified that the appeal was frivolous.

Judge Mihm's certification that the appeal was frivolous prevented Calhoun from proceeding without prepayment of the appellate docketing fee, unless the Seventh Circuit disagreed with that determination. Under 28 U.S.C. § 1915(a)(now § 1915(a)(3)), an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. In this context the question of "good faith" is objective, not subjective; the question is whether the appellant has raised any non-frivolous issue. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000); *Tolefree v. Cudahy*, 49 F.3d 1243 (7th Cir. 1995); *see Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).[12] District courts are directed to certify frivolous appeals as not having been brought in good faith. *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000); *Tolefree*, 49 F.3d at 1244.

Both before and after the PLRA, leave to proceed in forma pauperis in district courts and Courts of Appeals was governed by 28 U.S.C. § 1915. At the time of Calhoun's appeal, prior to the PLRA amendments, § 1915(d) provided that "[t]he court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Both before and after the PLRA, a district court's determination that an appeal was frivolous and not in good faith was subject to *de novo* review. *Pate v. Stevens*, 163 F.3d 437, 438-39 (7th Cir. 1998)(citing *Cruz v. Hauck*, 404 U.S. 59, 62 (1971)(Douglas, J., concurring). The Seventh Circuit denied Calhoun's motion for leave to appeal in forma pauperis and summarily affirmed the district court's judgment on August 23, 1995. As this was an implicit determination that the appeal was frivolous, it also counts as a strike.

---

[12] After Calhoun's appeal, the Seventh Circuit briefly departed from this rule in *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997), and *Hyche v. Christensen*, 170 F.3d 769, 770 (7th Cir. 1999), holding that "good faith" was a subjective determination. These cases were overruled by *Lee, supra*, re-establishing the rule that an objectively frivolous appeal is not brought in good faith.

9

**Conclusion**

The court finds that when the complaint was filed Calhoun had accrued three strikes in this court and at least two strikes in the Court of Appeals. Calhoun should not have been permitted to proceed without prepayment, and must pay the $150.00 filing fee on or before May 23, 2003. If he fails to do so, this suit shall be dismissed.

IT IS SO ORDERED.

Suzanne B. Conlon, Judge
United States District Court

DATED: 4/24/03